**Michael SIEREN and Waterboss International Marketing, Inc., Plaintiffs,**

v.

**WILLIAM R. HAGUE, INC., Defendant.**

No. 97–C–758.

United States District Court, E.D. Wisconsin.

March 27, 1998.

Bruce C. O'Neill, Diane Slowrnowitz, Fox, O'Neill & Shannon, Milwaukee, WI, for Plaintiff.

John F. Hovel, Joseph S. Goode, Kravit & Gass SC, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs, Michael Sieren and Waterboss International Marketing, Inc. ["Waterboss, Inc."] have sued defendant William R. Hague, Inc. ["Hague"] for, among other things, the defendant's alleged violation of a "Distribution Agreement" entered into between the parties. The plaintiffs have moved for a preliminary injunction, pursuant to Rule 65, Federal Rules of Civil Procedure, ordering Hague to pay the plaintiffs all commissions that they are owed under the Distribution Agreement.

### I. Relevant Factual Background

The dispute between the plaintiffs and Hague centers around a home water conditioner known as the "waterBoss." According to the plaintiffs' complaint, Mr. Sieren designed the waterBoss sometime in the 1980s. On October 13, 1989, he entered into a Distribution Agreement with Hague that provided that Hague would manufacture the waterBoss and that Mr. Sieren, as Hague's distributor, would market and sell the product in Europe. The parties amended the agreement in 1991 to include the Pacific Rim as a sales territory. Beginning in June, 1992, Mr. Sieren "operated through" Waterboss, Inc.

The plaintiffs claim that through early 1997, they created successful markets and distribution networks for the waterBoss. This development included the plaintiffs' forging relationships with sales representatives and distributors throughout the sales territory. In March, 1997, however, the defendant allegedly told the plaintiffs' sales representatives and distributors that Hague was now in charge of the sales and marketing functions for the waterBoss and that these representative should work directly through Hague. Hague has also, according to the plaintiffs, wrongfully delayed the commissions due the plaintiff under the Distribution Agreement. The plaintiffs allege that Hague violated the Distribution Agreement, violated its duty of good faith and fair dealing as to the Distribution Agreement, and tortiously interfered with the plaintiffs' actual and prospective business contracts in the European and Pacific Rim territories. The only issue before the court at this juncture is the plaintiffs' motion for a preliminary injunction.

### II. Analysis

Courts do not lightly grant motions for a preliminary injunction: " '[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion.' " *Mazurek v. Armstrong,* 520 U.S. 968, 117 S.Ct. 1865, 1867, 138 L.Ed.2d 162 (1997) (per curiam) (emphasis in original) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2948, at 129–30 (2d ed.1995)).

To meet this burden, the plaintiffs must first show that they have some likelihood of success on the merits, that their remedy at law is inadequate, and that if they do not receive injunctive relief, they will suffer irreparable harm. *Roth v. Lutheran General Hosp.,* 57 F.3d 1446, 1453 (7th Cir. 1995); *Kellas v. Lane,* 923 F.2d 492, 493 (7th Cir.1990). If the plaintiffs meet their burden on the first factors, the court then engages in a "sliding scale" analysis of the two remaining factors: weighing the harm to the parties and asking whether the public interest would not be served if an injunction were issued. *Roth,* 57 F.3d at 1453. A district court has broad discretion in deciding whether to grant a motion for injunctive relief. *Advent Electronics, Inc. v. Buckman,* 112 F.3d 267, 274 (7th Cir.1997).

Mr. Sieren and Waterboss, Inc. have not met their threshold burden. Assuming that the plaintiffs have a "better than negligible" chance of succeeding on the merits of their claim, *see Boucher v. School Bd. of the Sch. Dist. of Greenfield,* 134 F.3d 821, 823–24 (7th Cir.1998), they still have not shown that they have an inadequate remedy at law, and that they will therefore suffer irreparable harm if the court does not grant their motion. *See Ty, Inc. v. GMA Accessories, Inc.,* 132 F.3d 1167, 1172 (7th Cir.1997) ("[A] plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need

therefore to short circuit the ordinary processes of the law.").

The plaintiffs' basic argument that they have met the irreparable injury requirement is that the defendant's failure to pay the commissions leaves the plaintiffs unable to pay their sales representatives. And if they cannot pay their representatives, the plaintiffs claim, the representatives "will quit, and the plaintiffs will be unable to continue performing under the international contract." (Pls'. Brief, at p. 5.) This failure of their business is the irreparable harm that they claim they will suffer.

■ There are two main problems with the plaintiffs' claim. The first is that their allegation of irreparable harm is conclusory and unsupported. At the time of the filing of their reply brief, Mr. Sieren and Waterboss, Inc. claimed that the defendant owed them over $50,000 in commissions; the plaintiffs also claimed that they were continuing to process orders for which Hague would owe them additional commissions. (Pls'. Reply Brief, at p. 10.) The plaintiffs point the court to a paragraph in Mr. Sieren's affidavit, dated August 6, 1997, in which he states that the defendants have paid the commissions directly to the representatives for orders already processed, but that they still owe him $9,225.67. (Sieren Aff. ¶ 22.) The plaintiffs also refer to a chart attached to Mr. Sieren's affidavit, presumably compiled by him at approximately the same time that he filed his affidavit, that approximates that Hague also owes or will owe the plaintiffs over $35,000 for pending orders for the waterBoss, on top of the $9,000 already mentioned. (Sieren Aff., Ex. O.)

There is no suggestion how or why these amorphous numbers that the plaintiffs set forth are relevant. It is unclear how the plaintiffs calculated the $50,000 figure mentioned in their brief. In fact, it is not even clear whether the $35,000 that Hague allegedly owes the plaintiffs for orders not yet processed is all to go directly to the plaintiffs' pocket or whether the plaintiffs need to pay their sales representatives using that money. Finally, the plaintiffs state that they do not even know exactly how much money Hague owes them, "because Hague has not sent Sieren any sales or commission reports." (Pls.' Reply Brief, at p. 10.)

Most importantly, the plaintiffs have not shown that, given the figures alleged, they would be unable to pay their international sales representatives for their services. Instead, they merely state that they are "dependent on the defendant's commission payments to maintain their business" and that if "the defendant is allowed to withhold commissions, they will be unable to pay their sales representatives." (Pls. Brief, at 4–5.) The plaintiffs simply do not give the court enough information about their financial status, other than to allege approximately how much the defendant currently owes them, for the court to conclude that they cannot pay their sales representatives. For example, Mr. Sieren and Waterboss, Inc. do not provide any evidence that suggests that they are insolvent without the money that the defendant owes them. While $50,000 is a lot of money, the plaintiffs have given me a figure which is wholly devoid of support in their motion.

■ It would be premature for the court to direct the defendant to pay Mr. Sieren and Waterboss money that the plaintiffs have not even shown that they need to continue their relationship with their representatives. To do so would be akin to the court's awarding the plaintiffs money damages before it heard the merits of the case, and that is not appropriate for a preliminary injunction. A showing of possible entitlement to damages, an adequate legal remedy, is not a showing of irreparable harm. *See Graham v. Medical Mut.,* 130 F.3d 293, 296 (7th Cir.1997) ("Irreparable harm is harm 'which cannot be repaired, retrieved, put down again, atoned for.... [T]he injury must be of a particular nature, so that compensation in money cannot atone for it.'") (alterations in original) (quoting *Gause v. Perkins,* 56 N.C. (3 Jones Eq.) 177 (1857)).

■ The second problem with the plaintiffs' claim of irreparable injury is that the plaintiffs cannot show that the injunctive relief that they request would make any difference. The theme of their argument is that the defendant is essentially usurping the plaintiffs' relationship with their sales representatives and that the court should enter the injunction so that the plaintiffs may pay

the representatives, and therefore continue the relationship. At the same time, however, the plaintiffs argue that Hague has already "contacted those in Sieren's international sales network, which Hague knew of, and has told them to stay away from Sieren and to deal directly with Hague." (Pls.' Reply Brief, at p. 11.) Hague's conduct, according to the plaintiffs, was successful: "Hague will not let any future sales be attributed to Sieren, and *Sieren will receive no commissions on those sales.*" (Pls.' Reply Brief, at p. 11) (emphasis added). Furthermore, *in* his affidavit, Mr. Sieren claims: "Since I filed this lawsuit, Hague has effectively, but not formally, terminated the international agreement.... These are my distributors and representative! *Hague will accept no orders placed by my company for such representative and distributors.*" (Sieren Supp. Aff. ¶ 49) (emphasis added).

If, as Mr. Sieren and Waterboss, Inc. argue, Hague has already taken over the relationship with the plaintiffs' sales representatives and refuses to accept orders placed by the plaintiffs on behalf of such representatives, it is difficult to understand how granting the motion could save the their business. Even if the plaintiffs were to pay immediately the representatives the money that they were owed, the relationship between the plaintiffs and their representatives would still be, under the plaintiffs' argument, effectively over.

Mr. Sieren and Waterboss, Inc. have not made a "clear showing" that they will suffer irreparable harm or that they have an inadequate remedy at law if the court does not grant their motion. Furthermore, they have not shown how my granting this motion would lessen the alleged irreparable harm that they envision.

Therefore, IT IS ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is denied.